IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| DEBORAH WILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-5144-CV-SW-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability benefits. The Commissioner's decision is affirmed.

## I. INTRODUCTION

Plaintiff was born in April 1959, completed high school, and has prior work experience as a pre-kindergarten teacher, camp director and administrative assistant. She alleges she became disabled on May 26, 2010, due to chronic bilateral lower extremity lymphedema, recurring blood clots, arthritis, back and neck trouble and high blood pressure. The ALJ found Plaintiff has the residual functional capacity ("RFC") "to lift 20 pounds and can complete an eight-hour workday, if given the option to alternate between sitting and standing, as needed, in 20 minute increments." R. at 12. A vocational expert testified and the ALJ found that Plaintiff could perform her past work as a pre-kindergarten teacher and a camp director and that she also could perform work as an inspector, assembler and packager.

## II. DISCUSSION

In this proceeding, Plaintiff contends the ALJ committed four errors. First, she alleges the ALJ failed to accord proper weight to the opinion offered by Ms. Carol Maples, Ms. Wills's occupational therapist. Second, she contends the RFC is not supported by substantial evidence in the Record as a whole because the ALJ did not

base the RFC on any medical evidence. Third, she maintains the ALJ failed to properly assess her credibility. Fourth, she argues that the RFC is impermissibly vague.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence when reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991) (citing *Hutsell v. Sullivan*, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## A.

Plaintiff argues that the ALJ failed to accord sufficient weight to Ms. Maples's opinion. Generally speaking, a treating source's opinion is entitled to deference. This general rule is not ironclad; a treating source's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *E.g.*, *Anderson v. Astrue*, 696 F.3d 790, 793-94 (8th Cir. 2012); *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996).

Here the ALJ discounted Ms. Maples's opinion because objective evidence and treatment notes did not support her opinion, Plaintiff's testimony contradicted her opinion and Plaintiff's daily activities were inconsistent with her opinion. R. at 14-15. Plaintiff argues that each of the ALJ's reasons is without merit. However, the Court "must affirm the Commissioner's decision if the ALJ's findings are supported by substantial evidence, even if the record also supports a contrary result and even if we would decide the facts differently." *Raney v. Barnhart*, 396 F.3d 1007, 1009-10 (8th Cir. 2005) (citations omitted).

2

The ALJ found that the objective evidence and treatment notes did not support Maples's opinion. Plaintiff argues that Maples observed in her treatment notes exacerbating and relieving factors for Plaintiff. R. at 268, 270. However, those observations appear to be based completely on Plaintiff's self-reports; and, as detailed in Section II.D, the ALJ did not find Plaintiff's self-reports credible. Further, Maples opines in her Medical Source Statement that Plaintiff must avoid any exposure to environmental factors including, "extreme cold, extreme heat, weather, wetness/humidity, dust/fumes, vibration, hazards, [and] heights." R. at 222. Out of more than one hundred pages of treatment notes, Maples appears to mention restrictions regarding environmental factors only once. R. at 277.

Next, Plaintiff's testimony conflicts with Maples's opinion. Maples opines that Plaintiff could not lift more than 5 pounds, either occasionally or frequently. R. at 221. Plaintiff testified that she could lift 20 pounds. R. at 46. Plaintiff argues that she only testified generally that she could lift 15 to 20 pounds; she did not testify specifically whether she could do so regularly or occasionally. The Court finds this argument unpersuasive. Five pounds is not equal to 20 pounds; and thus, an inconsistency exists between Maples's opinion and Plaintiff's testimony. Resolving this inconsistency is a task left to the ALJ.

Finally, Plaintiff's daily activities conflict with Maples's opinion. Most notably, Maples maintains Plaintiff can sit continuously without a break for only 15 minutes. R. at 221. But Plaintiff frequently takes her daughter to and from school, a car ride that lasts from 20 to 30 minutes. R. at 47-49. Additionally, Plaintiff volunteers with the school band, which requires sitting for 20 to 30 minutes at a time. R. at 52-3.

Because Maples's opinion is not supported by objective medical evidence and is contrary to other evidence in the Record, the ALJ properly discredited the opinion.

## B.

Plaintiff argues the ALJ's RFC determination is improper because the ALJ did not rely on any medical evidence. However, Plaintiff misapprehends the law. There is no requirement that medical evidence precisely support each component of the RFC. While "a claimant's RFC is a medical question, . . . in evaluating a claimant's RFC, an

3

ALJ is not limited to considering medical evidence exclusively." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). It is simply not true that the RFC can be proved *only* with medical evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir. 2000) (per curiam).

Further, the ALJ *did* rely on medical evidence in determining Plaintiff's RFC. R. at 13-15. For example, the ALJ cited medical records and office treatment records from the Freeman Lymphedema Clinic. *Id*. Substantial evidence existed in the Record to support the ALJ's determination about Plaintiff's capabilities.

### C.

Plaintiff claims the ALJ's RFC determination is impermissibly vague. In citing *Depover v. Barnhart*, Plaintiff admits the ALJ is not required to make specific findings for each strength demand. 349 F.3d 563, 567-68 (8th Cir. 2003). Further, the ALJ did not describe Plaintiff's RFC in "general terms." *Id*. Plaintiff takes issue with the fact that the ALJ did not determine a maximum amount of time Plaintiff was able to sit, stand or walk. While the RFC does not describe the maximum amount of time Plaintiff can sit or stand continuously at one time, creating a time limitation would prevent Plaintiff from adjusting her sitting and standing as needed based on her fluctuating pain. Further, the RFC implicitly provides the maximum amount Plaintiff can stand and sit throughout the day. By stating Plaintiff can "alternate between sitting and standing, as needed" throughout an 8 hour day, the ALJ has determined Plaintiff can sit and/or stand up to 8 hours a day, depending on Plaintiff's needs. Consequently, the ALJ's RFC is not impermissibly vague.

### D.

While Plaintiff is correct that the ALJ did not cite *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted) in his credibility analysis, the Eighth Circuit does not require citation to *Polaski*, rather it is a "preferred practice." *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). The ALJ cited to 20 C.F.R. 404.1529, and the requirements found therein "largely mirror the *Polaski* factors." *Id*.

The Court finds that the Record provides substantial evidence to support the ALJ's determination that the Plaintiff's testimony was not credible. In making this

determination, the ALJ referenced several factors. The ALJ noted that Plaintiff received conservative treatment, behavioral modification and treatment addressed Plaintiff's symptoms, the Record did not support Plaintiff's claims of increased severity in her symptoms, Plaintiff did not leave her job because of her severe impairments and Plaintiff's activities suggested she was independent in daily living. R. at 14.

Plaintiff takes issue with the last three factors. First, Plaintiff contends that "there were multiple reasons for [her decision] to end work" and that "[t]he ALJ's inference is not supported in this case." However, Plaintiff leaving work for reasons other than her medical condition is relevant to the ALJ's credibility finding. *Medhaug v. Astrue*, 578 F.3d 805, 816-17 (8th Cir. 2009). Plaintiff testified that she was let go for a personal reason. R. at 45. Medical notes also indicate that Plaintiff left her job to chauffeur her two daughters. R. at 185.

Second, Plaintiff maintains her testimony that the increased severity of her symptoms was consistent with statements she made in filling out her Function Report. The ALJ notes that despite Plaintiff's claims of increased severity, when Plaintiff "stopped working her edema resolved." R. at 14. According to *Hutton v. Apfel*, "[t]he ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole." 175 F.3d 651, 655 (8th Cir. 1999).

Finally, Plaintiff maintains that her daily activities are minimal and are not inconsistent with her reports of disabling pain. The ALJ noted that Plaintiff "is able to perform household chores, cook, shop, do laundry and drive." In assessing Plaintiff's daily activities, the ALJ relied on Exhibit 1F, which indicates that, in addition to the aforementioned activities, Plaintiff engaged in gardening. R. at 187. Activities such as gardening and driving can be construed as more than minimal; and thus, inconsistent with disabling pain. *See*, *e.g. McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011); *Medhaug v. Astrue*, 578 F.3d at 817. More importantly, they are inconsistent with the limitations Plaintiff has alleged.

Even if the Court would have concluded differently had it independently evaluated the evidence, the Court cannot reverse on this basis. *E.g.*, *Buckner v. Astrue*, 646 F.3d at 556. The task of weighing credibility factors falls on the ALJ, not the District Court. *E.g.*, *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). The ALJ

5

Case 3:13-cv-05144-ODS   Document 13   Filed 10/22/14   Page 5 of 6

provided good reasons for discounting Plaintiff's credibility that are consistent with *Polaski*. Accordingly, the ALJ's decision is entitled to deference. *E.g.*, *Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir. 2012).

### III. CONCLUSION

The Commissioner's final decision denying benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith<br>
ORTRIE D. SMITH, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT

DATE: October 22, 2014